Good morning, Your Honors. I'm Victor Haltom on behalf of the appellant Brian Thompson. The first point that I wanted to address was the Rule 28J letter that the government submitted a couple days ago. In that letter, there was a reference that I didn't understand. There was a reference by the government to some potential plain error issue. I don't know what that signifies because there's no contention in this case that the one substantive non-sentencing issue I'm raising was waived. It was an evidentiary ruling. There was an objection by defense counsel below, so there's no – I don't know where the plain error standard is implicated in this case. So I just wanted to clarify that point. It seems to me that the real question in this case is one of prejudice. There was an objection by defense counsel to the prosecutor on cross-examination going into the details underlying Mr. Thompson's convictions in the first of his two jury I thought the problem was more opening the door. Well, the government does suggest that in its brief. The government suggests that on direct, the defense, in an effort to common – what is commonly known as taking the sting. Defuse it. Take the sting out of it.  The defense certainly – And if he tries to wiggle away from it on cross, that opens the door to penetrating further. Well, that's the government's argument. But if you look closely, what defense counsel simply did was say, Mr. Thompson, did you suffer these mail fraud convictions in the first trial? And was that based upon you submitting some documents to Allstate in connection with a claim submitted by this Mr. LeBlanc? There was also – so that's the – all he did, all defense counsel did in terms of taking the sting out of it on direct. He also took the sting out of Mr. Thompson's obstruction of justice conviction in the first trial by simply saying, were you convicted of obstruction of justice? There was no delving into the details there. I mean, to the extent that the government is suggesting there was delving into the details on direct, it was simply adducing the fact of conviction and that it was based upon mailings in connection with an in-law of Mr. Thompson. It wasn't – I can't see that as any meaningful opening of the door. Sotomayor, I mean, I thought he was trying to draw the sting. Right. Simply, I think as a defense attorney, you have a jury there. Right. You know, based upon in limine briefing and indications from the district court, that the jury is going to hear that Mr. Thompson was convicted of these offenses  You want to appear candid with the jury. You say, Mr. Thompson, is it accurate that you were convicted of this offense? And he just said, and that was based upon mailings in connection with Mr. LeBlanc, your in-law. There's a little bit of a hitch, because as I read the transcript, there was an objection to the question by the prosecutor. Now, in the all-State Fraud Scheme that you discussed on direct, you submitted a number of fraudulently false documents, correct? And that's at the point that there was an objection, and to the prosecution's attempt to go into the details of the prior conviction. But the question wasn't answered. And then the prosecutor handed him a document and asked if this was the false document. And as far as I can tell, there was no objection to the admission into evidence of the document. Well, that's true, Your Honor. Well, couldn't that be why the prosecutor is talking about plain error? He didn't object to the documents? Well, I think this would be a strange way for the government to raise a waiver or plain error. I'm just reading the transcript. There was no objection to the documents. Well, I would think if Mr. Roque, the defense attorney, raised an objection as soon as the prosecutor signaled that he was going to go, he got out the fact you were convicted of these offenses, then the prosecutor signaled that he's going to go into the details. What was the ruling on the objection? The judge says overruled. I'm going to grant a little leeway here, something to that effect. So that's in the, Your Honor, the excerpts of record on page the ER39 and 40. Yeah. And so I think it would have been futile for defense counsel to interpose any further objections when the court signaled it was going to allow the prosecutor to go down that road. What's document number 59? Document number ER59? Yeah. Mr. Hanley, let me show you government's 59. This is backdated, or that's a false document you submitted in connection with your mail fraud scheme with Allstate, correct? Answer, yes, it is. Mr. Hanley, Your Honor, we admit 59 to evidence. Mr. Roque, no objection, Judge. Right. Is the Court asking me should that not precipitate a waiver and some type of plain error review? There's just no objection to any of this. Well, the — first of all, in the government's brief, responding to my opening brief, the government does not argue plain error. The government does not argue waiver. I think it would be inappropriate in a Rule 28J letter to raise plain error. Well, what should the district court or the trial court have done? The trial court should have cut off the inquiry at the point when — There's no objection? Let me show you — let me show you government's 20. Now, that's another one of the documents. That's all in the context. Let's follow — Your Honor, we move that into evidence. Government's 20. Mr. Roque, no objection. But that's following on the heels of the judge having already signaled he's going to allow the prosecutor to go down that road. You're still making objections. We just say stuff, plain English. We all can talk okay, so we don't have to just give vague signals. I mean, prosecutor asks a question. There's an objection. And although it's overruled, the prosecutor does not restate the question or insist on an answer. Instead, the prosecutor offers a document. He does something different. Maybe he thought, well, even though — even though I got the ruling I hoped for, I'm on thin ice here, so he does something different. He offers a document. And then there's expressly no objection. Now, the defense attorney, he can stand on his own two feet and say, I object. No problem with that. But he doesn't. And then they go on from the document. And this is where the defendant starts dancing around. Instead of just admitting what it shows and goodbye, the prosecutor says, you showed in the document LeBlanc had missed 380 hours, made 19 an hour. And instead of saying yes, defendant says, that's what I was convicted of. That was a lie, yes or no? That's what I was convicted of. So that's a lie to Allstate? That's not what I contested in court, but that's what I convicted of? That's not my question, Mr. Thompson. That was a lie to Allstate? No, it wasn't. It seems the defense attorney had an opportunity to object. The defendant had an opportunity to get this done with. And neither of them took their opportunity. And there's no objection. I don't – I'm thinking from the point of view of a district judge, why should he interrupt this unobjected to colloquy? My response, Your Honor, would be defense attorney, after the prosecutor adduced the fact, and this is on page ER39, the prosecutor got from Mr. Thompson, you were convicted of felony fraud convictions. You were convicted of obstruction of justice. Mr. Thompson says yes. Then the prosecutor asks, now in the Allstate fraud scheme that you discussed, you submitted a number of fraudulently false documents. Defense counsel, I object, Your Honor, with regard to going into the details of this. That is – that preceded everything that the Court has just stated. And the district court said, I'll overrule it. I'll permit a little leeway here. So I would have – A judge can easily tell a defense lawyer, you have a standing objection. You do that sometimes when they keep saying, I object, and disturbing the flow. Or the lawyer could say that the document's the same objection, Your Honor, instead of no objection. I agree. I agree. So here, the problem – the problem with getting in the details about the prior is that the prosecutor, instead of proving that the defendant committed the crime, can prove he's a sleaze so that the jury convicts on the basis of character.  is worthy of belief, not his character. It seems like it's real helpful to the jury, and that's probably why the district judge allowed it, just so that the jury can decide whether he's lying. I certainly cannot argue that that bears on the question of his general credibility. But this Court's decision, which I quoted in my opening brief, is squarely on point and says that you cannot, as a prosecutor, go into the details underlying a prior conviction that the defendant has admitted. And Mr. Thompson admitted it. He properly admitted it at the very beginning of his cross. Then the prosecutor crossed the line, saying – beginning to ask him questions about the underlying details. Then the district court, in my opinion, erroneously overruled that objection, allowed the prosecutor to go down the road of delving into the details. And I just – I'm a little taken by surprise that we're talking about plain error here, because there was no – I mean, not until two days before oral argument was the subject raised. It was the merits is what was addressed in my brief, and the merits is what was addressed in the government's brief. Roberts. Thank you. I please the Court. Thomas Flynn for the United States. I think that the defendant's position is best stated in his last statement, which I assume he was relying on the Rubio case, that the prosecutor cannot go into details. I think that's a dictum in Rubio, because that's not what they were talking about. And, in fact, they did allow the prosecutor in that case to go into the details. And I think that statement, taken as boldly as defense counsel has presented it, is wrong for three reasons. First, it ignores an important distinction between priors in general, that is, those which go to the truth. And perhaps this is what Judge Kleinfeld was getting to. If the defendant's prior is for murder, attempted murder, robbery, these are the cases in the defendant's brief. That's what the priors are for. And it's appropriate to limit the prosecutor to the fact of those cases and not allow him to get, as the Robinson case says, into some parade of horribles about what the defendant did. But that's not true here. This is under the second prong of 609. The prior itself is for truth or falsity. And I think that in those cases, the prosecutor can, in the discretion of the district court, which was exercised here, get into the details of those crimes because they bear on the defendant's truth, ability to tell the truth. What's the Ninth Circuit case you would have us read to test your hypothesis? I don't think there's any Ninth Circuit case on this, Your Honor. In the letter that I submitted to the court, I cite to the Hurst case, which is not a Ninth Circuit case. But I think that this, there isn't a case, either way, one way or the other, because this doesn't usually come up in this situation. Usually, I think the citation would properly be to Rule 608, which allows exactly this sort of thing. Here, it didn't come up because things didn't play out the way the prosecutor thought they were going to. The in limine motion anticipated that we would offer the evidence of the prior. Instead, defense counsel reasonably took the sting out of it by offering it himself, and then the prosecutor, as I point out in the brief, did nothing more than read back to the defendant what his own attorney had asked him. And I think this is standard cross-examination. There's a big difference between making a statement in front of your counsel, which you could easily have rehearsed before, and being faced by the prosecutor, who you know is laying back there waiting for you to say something wrong. And that's the kind of pressure that cross-examination is meant to inflict on a witness, and that's exactly what happened here. He started to crumble. He contradicted himself, and he contradicted himself at a point where the prosecutor hadn't really asked anything more than the defense attorney had. And even if it wasn't for Rule 608, at that point, the prosecutor is entitled to examine. Why are you changing your story up here? You're not only lied before, but you're equivocating on the stand. I don't think a prosecutor is required to just sit back at that point and accept the defendant's equivocation at face value. Even if this was improper, I failed to see how it could be anything but harmless or plain error because the evidence that this man had lied on numerous occasions, in this case and the previous case, just goes on and on. If you look even just at the cross-examination, the prosecutor presents him with any number of documents from this case in which the defendant is forced to say, yes, I backdated that. No, I wasn't telling the truth in that. I lied in this. I lied to the attorney general. I lied under oath to the attorney general. I lied under oath twice to a Federal grand jury. I lied to two sets of investigators. Any harm that would have come from the slight expansion of the inquiry that was made on the all-State fraud was certainly harmless under any standard. If the Court has no questions, I'm prepared to submit it. Thank you. Thank you. Thank you, Counsel. The case just argued is submitted for decision. We'll hear the next case when we can find it, which is United States v. Sam.
judges: Schroeder, Trott, Kleinfeld